UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARTER PAGE,<br><br>   Plaintiff,<br><br>v.<br><br>JAMES COMEY, ANDREW MCCABE, KEVIN CLINESMITH, PETER STRZOK, LISA PAGE, JOE PIENTKA III, STEPHEN SOMMA, BRIAN J. AUTEN, DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, UNITED STATES OF AMERICA, JOHN DOES 1-10, JANE DOES 1-10,<br><br>   Defendants. | No. 20-cv-3460 |

**KEVIN E. CLINESMITH'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Kevin E. Clinesmith moves to dismiss the claims asserted against him in the Second Amended Complaint. As explained more fully in the memorandum accompanying this motion, the Amended Complaint asserts five claims against Clinesmith, all of which are time-barred, and all of which otherwise fail to state valid claims against him. Counts 1-4, for alleged violations of the Foreign Intelligence Surveillance Act (FISA), fail to state claims against Clinesmith because they do not plead that he personally "engage[d] in electronic surveillance" or "disclosed or used" its fruits, 50 U.S.C. § 1809(a)(1)-(2), as required by the plain text of the statute, its consistent interpretation by courts, and background principles of statutory interpretation. *See* Mem. at 18-24. And Count 6, alleging a Fourth Amendment violation brought pursuant to the cause of

action created in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), asks this Court to do what the Supreme Court has repeatedly said courts should not—extend *Bivens* into a "new context," and not just any new context, but one rife with sensitive national security concerns that are best left to Congress.  *See* Mem. at 31-38.  Congress, in fact, has regulated heavily in the area of electronic surveillance and has created a web of alternative remedies for those like the plaintiff, all of which counsels against extension of the *Bivens* remedy here.  *Id.* at 38-39.  Furthermore, even if the claims against Clinesmith did not suffer those fatal defects, Clinesmith would be entitled to qualified immunity.  *Id.* at 43-45.

  For all of these reasons, and the reasons stated in the memorandum accompanying this motion, Defendant Kevin E. Clinesmith respectfully requests that the Court dismiss the Second Amended Complaint's claims against him with prejudice.  Clinesmith respectfully requests oral argument on this motion.

Dated:   September 17, 2021

Respectfully submitted,

/s/ William Pittard
William Pittard (#482949)
Christopher C. Muha (#987116)
Sarah Fink (#166663)
KAISERDILLON PLLC
1099 14th St. N.W.
8th Floor West
Washington, D.C. 20005
Phone:  (202) 640-2850
Fax:  (202) 280-1034
wpittard@kaiserdillon.com
cmuha@kaiserdillon.com
sfink@kaiserdillon.com

*Attorneys for Kevin E. Clinesmith*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, 2021, the foregoing Kevin E. Clinesmith's Motion to Dismiss Second Amended Complaint was served upon all parties of record by the Court's CM/ECF system.

/s/ William Pittard
William Pittard
Attorney for Kevin E. Clinesmith
