# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARTER PAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20-cv-3460 (DLF) |
| | ) | |
| JAMES COMEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## GOVERNMENT DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT OR FOR RELIEF FROM JUDGMENT

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs
Branch

MARCIA BERMAN
Assistant Director, Federal Programs
Branch

AMY E. POWELL
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
c/o U.S. Attorney's Office
150 Fayetteville St., Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email: amy.powell@usdoj.gov

ELIZABETH TULIS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: 202-514-9237
E-mail: elizabeth.tulis@usdoj.gov

*Attorneys for Defendants Department of Justice
and Federal Bureau of Investigations*

KRISTIN B. MCGRORY
Trial Attorney
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 888 Ben Franklin Station
Washington, DC 20044
Phone: 202-616-4206
Email: Kristin.B.McGrory@usdoj.gov

*Attorney for Defendant United States of America*

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

BACKGROUND .............................................................................................................. 2

ARGUMENT ................................................................................................................... 5

      I.      LEGAL STANDARDS ............................................................................ 5

      II.     THERE IS NO BASIS FOR RECONSIDERATION OF THE COURT'S JUDGMENT. ............................................................................................ 6

      III.    PLAINTIFF'S REQUEST FOR DISCOVERY IS MERITLESS. ......................... 9

CONCLUSION .............................................................................................................. 12

# TABLE OF AUTHORITIES

**CASES**

*Am. Nat'l Ins. Co. v. FDIC*,
    642 F.3d 1137 (D.C. Cir. 2011) ................................................................................. 4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................... 11

*Banister v. Davis*,
    140 S. Ct. 1698 (2020) ................................................................................................ 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................ 11, 12

*Bowie v. Maddox*,
    677 F. Supp. 2d 276 (D.D.C. 2010) ........................................................................... 9

*City of Waukesha v. EPA*,
    320 F.3d 228 (D.C. Cir. 2003) ................................................................................... 7

*Collingsworth v. Drummond Co.*,
    No. CV 19-1263 (ABJ), 2020 WL 2800612 (D.D.C. May 29, 2020) ..................... 10

*Doe 1 v. Buratai*,
    No. 17-cv-1033 (DLF), 2018 WL 5650015 (D.D.C. Oct. 31, 2018) ........................ 5

*Duma v. Unum Provident*,
    770 F. Supp. 2d 308 (D.D.C. 2011) ........................................................................... 5

*Gold Rsrv. Inc. v. Bolivarian Republic of Venezuela*,
    146 F. Supp. 3d 112 (D.D.C. 2015) ....................................................................... 7, 8

*Gonzalez v. Crosby*,
    545 U.S. 524 (2005) ................................................................................................... 6

*Hall v. Field Enters., Inc.*,
    94 A.2d 479 (D.C. 1953) ............................................................................................ 8

*Kemp v. United States*,
    142 S. Ct. 1856 (2022) ............................................................................................... 6

*Kurtz v. United States*,
    798 F. Supp. 2d 285 (D.D.C. 2011) ......................................................................... 12

*Leidos, Inc. v. Hellenic Republic*,
    881 F.3d 213 (D.C. Cir. 2018) ............................................................................... 5, 8

*Lempert v. Power*,
    45 F. Supp. 3d 79 (D.D.C. 2014) ............................................................................... 9

*Liljeberg v. Health Servs. Acquisition Corp.*,
    486 U.S. 847 (1988) ................................................................................ 6, 9

*Liu v. Admin. Off. of U.S. Courts,*
    No. CV 21-494 (TJK), 2022 WL 1538717 (D.D.C. May 16, 2022) ........................................ 5

*New York v. United States*,
    880 F. Supp. 37 (D.D.C. 1995) ................................................................................ 7

*Nutt v. D.C. Gov't,*
    No. CV 19-3220 (ABJ), 2020 WL 4597100 (D.D.C. Aug. 11, 2020) ................................ 10

*People for Ethical Treatment of Animals, Inc. v. U.S. Dep't of Agric.*,
    60 F. Supp. 3d 14 (D.D.C. 2014) ................................................................................ 9

*SEC v. Bilzerian,*
    815 F. Supp. 2d 324 (D.D.C. 2011) ........................................................................ 5, 9

*Smalls v. United States*,
    471 F.3d 186 (D.C. Cir. 2006) ................................................................................ 6

**STATUTES**

50 U.S.C. § 1809 ........................................................................................ 3, 11

50 U.S.C. § 1810 ........................................................................................ 4, 11

**RULES**

Fed. R. Civ. P. 4(m) ........................................................................................ 10

Fed. R. Civ. P. 8 ........................................................................................ 11

Fed. R. Civ. P. 59(e) ........................................................................................ 5, 6, 9

Fed. R. Civ. P. 60(b) ........................................................................................ 5, 6, 9

## <u>INTRODUCTION</u>

Plaintiff Carter Page ("Plaintiff") fails to establish any basis for the Court to revisit its dismissal of his claims against the Government Defendants in this matter. He purports to identify allegedly "newly discovered" information about a criminal prosecution unrelated to Plaintiff, but he does not articulate any reason for reconsideration of the Court's rulings on the claims under the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act ("PATRIOT Act"), the Federal Tort Claims Act ("FTCA"), or the Privacy Act.

In its opinion dismissing Plaintiff's claims, the Court accepted as true Plaintiff's allegations that (1) the Government interviewed Igor Danchenko, one of Christopher Steele's sources for information about Plaintiff, prior to submitting the third and fourth FISA applications and (2) the Government failed to inform the FISC that Danchenko contradicted elements of Christopher Steele's prior reporting relied upon by the Government in its FISA applications. *See* Mem. Op., ECF No. 115, at 6-7, 31 (citing Second Am. Compl., ECF No. 73, ¶¶ 120, 121, 184, 209). In November 2021, Danchenko was indicted on five counts of false statements under 18 U.S.C. § 1001(a)(2), for statements he made to the FBI in connection with the Steele reporting.[1] *See United States v. Danchenko*, No. 1:21-cr-00245-AJT (E.D. Va. Nov. 3, 2021). Plaintiff's motion is premised on the notion that a recently unsealed document in the *Danchenko* matter, the Government's Motion in Limine, reveals new information relevant to this Court's analysis. The only allegedly new information identified by Plaintiff appears to be that Danchenko was a paid

---

[1] Danchenko was acquitted on all charges in October 2022. *See* Judgment of Acquittal for Count 1, *United States v. Danchenko*, No. 1:21-cr-00245-AJT (E.D. Va. Oct. 17, 2022), ECF No. 128; Judgment of Acquittal for Counts 2-5, *United States v. Danchenko*, No. 1:21-cr-00245-AJT (E.D. Va. Oct. 17, 2022), ECF No. 132.

informant for the FBI from March 2017 to October 2020. ECF No. 119-1 at 2; *see also* ECF No. 119-3 at 3. Such information is wholly irrelevant to the Court's analysis in the dismissal order, which accepted as true Plaintiff's allegations that the Government omitted information about Danchenko from the applications to the FISC and that the applications to the FISC were not supported by probable cause. ECF No. 115 at 6, 7, 19.

Indeed, it is not entirely clear for which claims Plaintiff seeks reconsideration or how he contends the Court's ruling relates to Danchenko's status as an informant. With respect to the Government Defendants, he mentions only the Privacy Act claims. Accordingly, for the reasons set forth below, the Court should deny the motion.

## **BACKGROUND**

The background in this matter is set forth in the Court's Memorandum Opinion on the Motion to Dismiss. *See* ECF No. 115 at 1-9. On September 1, 2022, the Court dismissed Plaintiff's Second Amended Complaint and closed the case. *See* Order (Sept. 1, 2022), ECF No. 114. The Court's Memorandum Opinion analyzed and dismissed all of Plaintiff's claims against the Government Defendants. ECF No. 115 at 37-53.

First, the Court dismissed Plaintiff's FTCA claim for "abuse of process" because Plaintiff did not plausibly plead that the United States, if a private person, would be liable under D.C. law. *Id.* at 38-41. More specifically, the Court found that Plaintiff's allegations of wrongdoing in connection with obtaining the FISA warrants were insufficient to state an abuse of process claim, because District of Columbia law requires "improper use after issuance of process." *Id.* at 40 (citation omitted).

Second, the Court dismissed Plaintiff's PATRIOT Act claim because (1) to the extent it was based on alleged acquisition of information, the Court lacked jurisdiction over the claim

because Congress has not waived the Government's sovereign immunity for violations of 50

U.S.C. § 1809(a), *id.* at 41-42; (2) Plaintiff did not plausibly plead any media leak of information

obtained from FISA surveillance, *id.* at 43-44; (3) Plaintiff's allegation that the Government used

FISA-acquired information to obtain later FISA warrants did not allege a violation of statutory

minimization procedures or use for an "unlawful purpose," *id.* at 44-45; (4) Plaintiff's theory that

the information at issue was used to obtain later FISA warrants in any case rested on "factually

thin and internally contradictory allegations" that did not rise above the level of speculation, *id.*

at 45; (5) Plaintiff had waived any claim based on alleged disclosure of FISA-obtained

information for other investigative uses because he failed to present that theory in his

administrative claim, *id.* at 42-43; and (6) Plaintiff offered no factual detail supporting "his

single, conclusory assertion" that the Government had conceded that it had used the FISA

information in prohibited ways, *id.* at 45.

Third, Plaintiff's Privacy Act claim seeking injunctive relief to compel DOJ to amend

inaccurate records failed because Plaintiff did not exhaust administrative remedies. *Id.* at 46-49.

Fourth, Plaintiff's Privacy Act claim seeking damages for alleged unlawful disclosures to

media outlets was dismissed as time-barred. *Id.* at 50-52.

On September 30, 2022, Plaintiff filed his Motion to Alter or Amend the Judgment, or for

Relief from Judgment, in which he argues that the Court should revisit its decision because of

newly discovered evidence, specifically, the revelation that Danchenko, a major source for the

Steele Dossier, was a paid confidential informant for the FBI from March 2017 to October 2020.

ECF No. 119-1 at 16, 17. Danchenko's paid informant status was revealed in a motion in limine

filed by the Government in its prosecution of Danchenko on September 2, 2022, and made public

on September 13, 2022. *See id.* at 2; Government's Motion in Limine, *United States v.*

*Danchenko*, No. 1:21-cr-00245-AJT (E.D. Va. Sept. 2, 2022), ECF No. 78. Plaintiff

characterizes the payments to Danchenko as "illicit," ECF No. 119-1 at 7, 8, 10, 25, 26, alleging

without citation to any evidence that the FBI paid Danchenko "to keep him quiet," in a

"kickback scheme," *id.* at 17, 19 (emphasis omitted).[2] Plaintiff further claims that Defendants in

the instant case "collectively misrepresented Danchenko's role" in the Steele Dossier and

"misled . . . this Court," *id.* at 3-4; *see also id.* at 5, but he does not point to a specific false

statement by any Defendant,[3] let alone explain how any such information bears on the Court's

analysis in its Memorandum Opinion. Plaintiff devotes much of the remainder of his motion to

rearguing his position on the scope of liability under 50 U.S.C. § 1810, *see, e.g.*, ECF No. 119 at

11, 20-23.

As relief, Plaintiff requests that the Court reopen the case, correct unspecified "mistakes

of fact and law" in its Memorandum Opinion, allow Plaintiff to take "targeted discovery" to

"learn sufficient details to plead the relevant causes of action," and grant Plaintiff leave to amend

his Second Amended Complaint. *Id.* at 13.

---

[2] Plaintiff asserts that "Defendant DOJ . . . admitted 12 days after [the Court issued its Memorandum Opinion]" that "the reason for the illicit payoff and coverup was to disguise their [sic] high profile nationwide political smear campaign." ECF No. 119-1 at 25. Plaintiff cites no evidence in support of this incendiary but vague accusation.

[3] Instead, Plaintiff highlights statements made in the Memorandum Opinion indicating that the Government merely interviewed Danchenko prior to submitting the third warrant application to the FISC on April 7, 2017. ECF No. 119-1 at 3-5 (citing ECF No. 115 at 3, 6-7). The Court's statements, however, were based upon Plaintiff's own allegations in the Second Amended Complaint, which the Court (and Defendants) were required to accept as true at the motion-to-dismiss stage. *See* ECF No. 115 at 2 n.1, 10 (citing *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011)).

## ARGUMENT

### I.   LEGAL STANDARDS

Reconsideration under Rule 59(e) is an "extraordinary measure." *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018); *Doe 1 v. Buratai*, No. 17-CV-1033 (DLF), 2018 WL 5650015, at *1 (D.D.C. Oct. 31, 2018). Because the Rule is intended to permit courts to correct their errors, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). Although "the court has considerable discretion in ruling on a Rule 59(e) motion," it may grant such a motion "under three circumstances only: (1) if there is an intervening change of controlling law; (2) if new evidence becomes available; or (3) if the judgment should be amended in order to correct a clear error or prevent manifest injustice." *Leidos, Inc.,* 881 F.3d at 217 (internal quotation marks omitted). "Manifest injustice" in turn "requires at least (1) a clear and certain prejudice to the moving party that (2) is fundamentally unfair in light of governing law." *Id.* (alteration and internal quotation marks omitted).

"The standards that govern Rule 60(b) are even more restrictive" than Rule 59(e). *Liu v. Admin. Off. of U.S. Courts*, No. CV 21-494 (TJK), 2022 WL 1538717, at *1 (D.D.C. May 16, 2022), *appeal filed*, No. 22-5182 (D.C. Cir. June 28, 2022); *Duma v. Unum Provident*, 770 F. Supp. 2d 308, 315 n.6 (D.D.C. 2011). "Courts should only grant Rule 60(b) motions in extraordinary circumstances." *SEC v. Bilzerian*, 815 F. Supp. 2d 324, 328 (D.D.C. 2011). "Rule 60(b) was intended to preserve 'the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts.' . . . [It] cannot . . . be employed simply to rescue a litigant from strategic choices that later turn

out to be improvident." *Smalls v. United States*, 471 F.3d 186, 191 (D.C. Cir. 2006) (citation omitted).

Federal Rule of Civil Procedure 60(b) permits "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022) (citation omitted); *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) provides six grounds for relief. Under Rule 60(b)(1), a party may seek relief based on "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(2) permits relief based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Rules 60(b)(3) through (b)(5) supply other grounds for reopening a judgment, including fraud. Finally, Rule 60(b)(6) provides a catchall for "any other reason that justifies relief." This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, n.11 (1988). Even then, "extraordinary circumstances" must justify reopening. *Id*.

## II.   THERE IS NO BASIS FOR RECONSIDERATION OF THE COURT'S JUDGMENT.

Plaintiff identifies no basis for the Court to grant relief under Rule 59(e) or Rule 60(b). As an initial matter, although Plaintiff seeks relief with respect to all of his claims against the Government Defendants, in arguing for reconsideration, he addresses only the Privacy Act disclosure claim (Count 8), which was dismissed as "time-barred because he knew about the alleged disclosures to the media for more than two years before he filed this action." ECF No. 115 at 50. Plaintiff's sole theory for why Danchenko's paid informant status might be relevant to the Court's decision is wild speculation that the Government's payments were hush money to cover up some unspecified misdeeds. In addition to being implausible, the allegations are wholly disconnected from the cited Privacy Act claims, or any other claims in this action.

6

Plaintiff's allegations about Danchenko's status as a paid informant have no bearing whatsoever on the Privacy Act disclosures claim or the Court's reasoning with respect to the statute of limitations. Plaintiff argues that new facts provide additional information "that the investigation is fraudulent and transcending nearly every corner of one's life" and reflects "the nearly complete lack of credible and reliable information over the course of the past six years relating to the surveillance of Dr. Page." ECF No. 119-1 at 26. But the unlawful disclosures claim was premised on alleged unauthorized disclosures to the media, not a "fraudulent" investigation or claims about "surveillance" in general. And the recent disclosures related to Danchenko are wholly unrelated to those disclosure claims, nor does Plaintiff connect them in any way. Plaintiff goes on to re-argue that Plaintiff had insufficient information to bring his Privacy Act claim in 2017, *id*. at 25-27, but a rehash of old arguments with stronger language is not grounds for the extraordinary remedy of reconsideration.[4] *See, e.g.*, *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) ("A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled.").

Plaintiff does not specifically address either his FTCA claim or his PATRIOT Act claim, let alone explain why the Court should reconsider its judgment with respect to those counts. Plaintiff thus has waived any argument that the Court should grant reconsideration of its decision dismissing the FTCA claim and PATRIOT Act claim. *See City of Waukesha v. EPA*, 320 F.3d 228, 250 n.22 (D.C. Cir. 2003) ("Because this argument was raised in the opening brief only summarily, without explanation or reasoning, . . . and first raised comprehensibly only in the reply brief, it is waived."); *Gold Rsrv. Inc. v. Bolivarian Republic of Venezuela*, 146 F. Supp. 3d

---

[4] Plaintiff does not mention or otherwise attempt to re-open his other Privacy Act claims, related to the failure to amend the draft OIG report. Nor could he; nothing in his motion includes any information (new or otherwise) that relates to the OIG report.

112, 126 (D.D.C. 2015) (finding that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are . . . deemed waived" (quotation omitted)).

Nor does Plaintiff's motion even hint at a basis for reconsidering the Court's decision with respect to the FTCA and PATRIOT Act claims. As noted above, the only purported "newly discovered evidence" cited by Plaintiff in support of his motion consists of the fact that Danchenko, one of the Government's sources in the FISA matter, was a paid informant for the FBI during the time period when the Government submitted the third and fourth FISA warrant applications. With respect to his PATRIOT Act claim, Plaintiff articulates no reason why that fact calls into doubt the Court's conclusion that Plaintiff failed to plausibly allege use of FISA-obtained information for an "unlawful purpose," or any of the other grounds on which the Court dismissed the PATRIOT Act claim. Nor does Plaintiff identify any legal or factual error underlying the Court's dismissal of his PATRIOT Act claim, let alone a "clear error" or one implicating some "manifest injustice." *Leidos, Inc.,* 881 F.3d at 217.

Similarly, with respect to Plaintiff's FTCA claim, neither the purported newly discovered evidence related to Danchenko's status as a paid confidential human source nor any of the other arguments raised in the Motion have any bearing on the Court's well-reasoned finding that Plaintiff failed to state a claim for abuse of process under District of Columbia law. *See* ECF No. 115 at 37-41. Plaintiff identifies no new allegations that would undermine the Court's conclusion that Plaintiff's FTCA abuse of process claim is not based upon a contention that "the defendants *used* the warrants wrongfully, 'to accomplish some end which the process was not intended by law to accomplish,'" and thus that Plaintiff does not have a viable FTCA claim under District of Columbia law. *Id.* at 40 (quoting *Hall v. Field Enters., Inc.*, 94 A.2d 479, 481 (D.C. 1953)).

In addition to failing to identify any new evidence material to the Court's dismissal of his claims, Plaintiff fails to show that the decision was based on fraud or misconduct that would justify relief the judgment. *See* Fed. R. Civ. P. 60(b). Plaintiff's argument on this point consists of bare accusations and vague speculation, *see, e.g.*, ECF No. 119-1 at 4-5, 10-11, 16, which are not sufficient to establish "extraordinary circumstances" that would justify reopening the case. *Liljeberg*, 486 U.S. at 864 n.11; *Bilzerian*, 815 F. Supp. 2d at 328; *see, e.g.*, *Lempert v. Power*, 45 F. Supp. 3d 79, 84 (D.D.C. 2014), *aff'd*, 618 F. App'x 3 (D.C. Cir. 2015) (rejecting plaintiff's request for relief under Rule 60(b)(3) because plaintiff's assertion of "fraud, misrepresentation, or misconduct" by defendants was mere speculation); *Bowie v. Maddox*, 677 F. Supp. 2d 276, 282 (D.D.C. 2010), *appeal dismissed*, No. 10–7009, 2012 WL 1449209 (D.C. Cir. Apr. 10, 2012) (rejecting plaintiff's claims of fraud on the court where they were "nothing more than bare allegations and hypotheses").

Accordingly, Plaintiff is not entitled to relief under Rule 59(e) or Rule 60(b) with respect to any of the claims against the Government Defendants.

## III.    PLAINTIFF'S REQUEST FOR DISCOVERY IS MERITLESS.

Because Plaintiff has offered no viable argument for the Court to revisit its dismissal of the claims against the Government Defendants, the Court should also reject Plaintiff's argument that he should be granted leave to conduct discovery to identify facts and evidence that might support his otherwise doomed claims. Plaintiff may not nakedly assert that the Government has engaged in "illegal activities," ECF No. 119-1 at 3, and then go on a "fishing expedition for evidence to support [his] allegation." *People for Ethical Treatment of Animals, Inc. v. U.S. Dep't of Agric.*, 60 F. Supp. 3d 14, 20 (D.D.C. 2014).

Nor is Plaintiff entitled to take discovery to identify John Does 1-10. First, as with any other defendants, for the case to proceed against the John Does, Plaintiff was required to complete service on the Doe defendants within 90 days of the filing of his complaint. *See* Fed. R. Civ. P. 4(m); *Nutt v. D.C. Gov't*, No. CV 19-3220 (ABJ), 2020 WL 4597100, at *5 n.10 (D.D.C. Aug. 11, 2020) ("Even for unnamed defendants, service must be completed within ninety days of the filing of the complaint."). He did not do so, and he has identified no good cause for the Court to extend the service period or to allow him to embark on discovery into the Does' identities. Plaintiff has always been aware that it was not the individual named defendants, but rather other persons, who "'engaged in' in the mechanics of the FISA surveillance" at issue. ECF No. 119-1 at 24. Indeed, Plaintiff demonstrated this awareness by including John Does 1-10 as defendants. Plaintiff could have sought to identify these individuals prior to the Court's ruling or the revelation of the alleged "newly discovered evidence." But in the two years after he filed the case, Plaintiff made no attempt to ascertain the identities of any John Doe defendant. Rather, Plaintiff waited until the Court decided he could not proceed against the named defendants to even request discovery regarding the Does. This is too little, too late. *Cf. Collingsworth v. Drummond Co.*, No. CV 19-1263 (ABJ), 2020 WL 2800612, at *14 (D.D.C. May 29, 2020) (dismissing Doe defendants where "[i]t does not appear from the record that any attempt has been made to identify these defendants or serve them since the complaint was filed"), *aff'd*, 839 F. App'x 567 (D.C. Cir. 2021).

Second, Plaintiff is not entitled to discovery because the complaint does not plausibly allege a claim against any "John Doe" defendant. Contrary to Plaintiff's suggestion, ECF No. 119-1 at 25, his complaint includes no specific allegations whatsoever regarding the John Does or their purported conduct. Rather, he describes the John Does generically as "individuals whose

identities or specific involvement in the conduct alleged in this Complaint may not yet be known to the Plaintiff." ECF No. 73, ¶¶ 34-35. Later, he asserts that unknown "FBI personnel" "engage[d] in surveillance of him in the manner and for the time periods prescribed in the four [FISA] warrants" at issue, *id.* ¶ 140, and alleges that unknown individuals "obtained Dr. Page's electronic communications . . . in the manner and for the time periods prescribed in the four warrants," *id.* ¶ 141. These assertions that FBI personnel conducted electronic surveillance pursuant to court-issued warrants do not plausibly allege any unlawful conduct. *See* 50 U.S.C. §§ 1809(a)(1), 1809(b), 1810 (limiting liability to instances where the defendant "engage[d] in electronic surveillance under color of law" and such surveillance was not statutorily authorized, and specifically exempting from liability a "law enforcement or investigative officer engaged in the course of his official duties" if the "electronic surveillance was authorized by and conducted pursuant to a search warrant or court order of a court of competent jurisdiction"). Plaintiff's other conclusory allegations regarding "Defendants, known and unknown" fare no better. *See, e.g.*, ECF No. 73, ¶¶ 55, 58-61, 218-19.

Indeed, Plaintiff acknowledges the insufficiency of his existing allegations, requesting discovery to "learn sufficient details to plead the relevant causes of action." ECF No. 119-1 at 13. Plaintiff's plea for the opportunity to discover grounds for some not-yet-articulated claim runs counter to the Supreme Court's holdings in *Twombly* and *Iqbal*, which emphasize that discovery is not a tool to fill the gaps in an inadequately pleaded complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("[If plaintiff's] complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management,' . . .

11

given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side." (internal citation omitted)). As with the Government Defendants, Plaintiff may not use discovery to compensate for the "lack of detail" in his allegations regarding the John and Jane Does. ECF No. 119-1 at 25. *Cf. Kurtz v. United States*, 798 F. Supp. 2d 285, 293 (D.D.C. 2011) (dismissing Doe defendants where complaint "lack[ed] sufficiently specific allegations of wrongdoing as to the unnamed defendants to allow [the plaintiff] to proceed against them"), *aff'd*, No. 11-5289, 2012 WL 1155801 (D.C. Cir. Mar. 1, 2012).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion with respect to the claims against the Government Defendants and reject Plaintiff's request for discovery.

Dated:  October 27, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

MARCIA BERMAN
Assistant Director, Federal Programs Branch

*/s/Amy E. Powell*
AMY E. POWELL
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
c/o U.S. Attorney's Office
150 Fayetteville St., Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email: amy.powell@usdoj.gov

12

*/s/ Elizabeth Tulis*
ELIZABETH TULIS
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: 202-514-9237
E-mail: elizabeth.tulis@usdoj.gov

*Attorneys for Defendants Department of*
*Justice and Federal Bureau of Investigation*

*/s/ Kristin B. McGrory*
KRISTIN B. MCGRORY
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
P.O. Box 888 Ben Franklin Station
Washington, DC 20044
Phone: 202-616-4206
Email: Kristin.B.McGrory@usdoj.gov

*Attorney for Defendant United States of*
*America*