## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARTER PAGE,<br><br>                    Plaintiff,<br><br>          v.<br><br>JAMES COMEY, ANDREW MCCABE,<br>KEVIN CLINESMITH, PETER STRZOK,<br>LISA PAGE, JOE PIENTKA III,<br>STEPHEN SOMMA, BRIAN J. AUTEN,<br>DEPARTMENT OF JUSTICE, FEDERAL<br>BUREAU OF INVESTIGATION,<br>UNITED STATES OF AMERICA, JOHN<br>DOES 1-10, JANE DOES 1-10,<br><br>                    Defendants. | No. 20-cv-03460 (DLF) |

### INDIVIDUAL DEFENDANTS' JOINT OPPOSITION
### TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT
### TO RULE 59(E) AND FOR RELIEF FROM JUDGMENT UNDER RULE 60(B)

## **TABLE OF CONTENTS**

I.     Introduction ................................................................................................... 1

II.    Factual and Procedural Background ............................................................... 3

    A.     The Court's Memorandum Opinion .................................................... 3

    B.     Plaintiff's Motion to Alter or Amend the Court's Judgment ............... 5

III.   Legal Standards .............................................................................................. 6

    A.     Federal Rule of Civil Procedure 59(e) ............................................... 6

    B.     Federal Rule of Civil Procedure 60(b) ............................................... 8

IV.    Argument ........................................................................................................ 9

    A.     The Purported New Information Is Irrelevant to the Court's Dismissal of the FISA Claims and Would Not Change the Outcome ......................................... 9

    B.     The Court Should Reject Plaintiff's Repetitive Legal Arguments Regarding the Interpretation of the FISA Statute ........................................................... 11

        1.     Plaintiff's Repetitive Legal Arguments Regarding the FISA Claims Are Procedurally Barred ............................................................... 11

        2.     Plaintiff's Repetitive Legal Arguments Regarding the FISA Claims Are Not Persuasive ................................................................... 13

    C.     Plaintiff Should Not Be Permitted to Further Amend His Complaint .................. 15

        1.     Plaintiff Has Not Met the Rule 59(e) Standard Necessary for Amendment of a Complaint ........................................................................ 16

        2.     Even if Reconsideration Were Appropriate, Plaintiff's Amendment Would Be Futile ........................................................................... 16

    D.     Plaintiff Is Not Entitled to Discovery ............................................... 17

V.     Conclusion ................................................................................................... 19

# TABLE OF AUTHORITIES

**Cases**

*Ackermann v. United States*,
    340 U.S. 193 (1950) ........................................................................................ 14

\* *Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................... 3, 18, 19

*Barrett v. Lombardi*,
    239 F.3d 23 (1st Cir. 2001) ............................................................................ 19

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,
    403 U.S. 388 (1971) ......................................................................................... 2

*Boim v. Holy Land Found. for Relief & Dev.*,
    549 F.3d 685 (7th Cir. 2008) ..................................................................... 4, 15

*Bond v. U.S. Dep't of Justice*,
    286 F.R.D. 16 (D.D.C. 2012) .................................................................... 7, 13

*Cent. Bank of Denver v. First Interstate Bank of Denver*,
    511 U.S. 164 (1994) .................................................................................. 4, 15

*Ciralsky v. CIA*,
    355 F.3d 661 (D.C. Cir. 2004) ...................................................................... 16

*City of Moundridge v. Exxon Mobil Corp.*,
    244 F.R.D. 10 (D.D.C. 2007) ........................................................................ 19

*District of Columbia v. Doe*,
    611 F.3d 888 (D.C. Cir. 2010) ...................................................................... 12

*Estate of Manook v. Research Triangle Inst., Int'l & Unity Res. Grp., L.L.C.*,
    693 F. Supp. 2d 4 (D.D.C. 2010) .................................................................. 19

*Exxon Shipping Co. v. Baker*,
    554 U.S. 471 (2008) ...................................................................................... 11

*Firestone v. Firestone*,
    76 F.3d 1205 (D.C. Cir. 1996) ........................................................................ 7

*Fund For Animals v. Williams*,
    311 F. Supp. 2d 1 (D.D.C. 2004) .................................................................. 12

*Goolsby v. District of Columbia,*
    354 F. Supp. 3d 69 (D.D.C. 2019) .................................................................. 11

*GSS Grp. Ltd v. Nat'l Port Auth.,*
    680 F.3d 805 (D.C. Cir. 2012) ........................................................................ 12

*Holland v. Big River Minerals Corp.,*
    181 F.3d 597 (4th Cir. 1999) .......................................................................... 12

*In re Interbank Funding Corp. Sec. Litig.,*
    629 F.3d 213 (D.C. Cir. 2010) ........................................................................ 16

*Jacksonville Urb. League, Inc. v. Azar,*
    No. 18-cv-2275, 2019 WL 3208686 (D.D.C. July 16, 2019) .......................... 17

*Johnson v. District of Columbia,*
    49 F. Supp. 3d 115 (D.D.C. 2014) .................................................................. 16

*Lardner v. FBI,*
    875 F. Supp. 2d 49 (D.D.C. 2012) ............................................................. 7, 13

* *Lightfoot v. District of Columbia,*
    355 F. Supp. 2d 414 (D.D.C. 2005) ........................................................... 7, 13

*Lucas v. District of Columbia,*
    214 F. Supp. 3d 1 (D.D.C. 2016) .................................................................... 16

*Malibu Media, LLC v. Doe,*
    64 F. Supp. 3d 47 (D.D.C. 2014) .................................................................... 18

* *Messina v. Krakower,*
    439 F.3d 755 (D.C. Cir. 2006) .......................................................................... 7

*  Mohammadi v. Islamic Republic of Iran,*
    782 F.3d 9 (D.C. Cir. 2015) ......................................................................... 6, 16

*Murray v. District of Columbia,*
    52 F.3d 353 (D.C. Cir. 1995) ...................................................................... 8, 10

*Nat'l Ctr. for Mfg. Scis. v. Dep't of Def.,*
    199 F.3d 507 (D.C. Cir. 2000) .................................................................. 10, 11

*New York v. United States,*
    880 F. Supp. 37 (D.D.C. 1995) ....................................................................... 13

*Niedermeier v. Office of Baucus*,
    153 F. Supp. 2d 23 (D.D.C. 2001) ...................................................................... 7

*Norman v. United States*,
    467 F.3d 773 (D.C. Cir. 2006) ........................................................................... 9

*Oladokun v. Corr. Treatment Facility*,
    309 F.R.D. 94 (D.D.C. 2015) .............................................................................. 8

*Owens v. BNP Paribas S.A.*,
    235 F. Supp. 3d 85 (D.D.C. 2017) ............................................................. 4, 15

*Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*,
    247 F. Supp. 3d 76 (D.D.C. 2017) ..................................................................... 7

*Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*,
    866 F.2d 228 (7th Cir. 1988) ...................................................................... 7, 13

*Roane v. Gonzales*,
    832 F. Supp. 2d 61 (D.D.C. 2011) ..................................................................... 9

*Robinson v. Shell Oil Co.*,
    519 U.S. 337 (1997) ......................................................................................... 14

*Rollins v. Wackenhut Services, Inc.*,
    703 F.3d 122 (D.C. Cir. 2012) ........................................................................ 16

*Sagarwala v. Cuccinelli*,
    No. 18-cv-2860, 2020 WL 2079444 (D.D.C. Apr. 30, 2020) ........................... 9

*Second Amendment Found. v. U.S. Conf. of Mayors*,
    274 F.3d 521 (D.C. Cir. 2001) ........................................................................ 19

*Seth v. District of Columbia*,
    No. 18-cv-1034, 2019 WL 2058670 (D.D.C. May 8, 2019) ........................... 10

*Shafiiq v. Obama*,
    951 F. Supp. 2d 13 (D.D.C. 2013) ................................................................... 10

*Slate v. Am. Broad. Companies, Inc.*,
    12 F. Supp. 3d 30 (D.D.C. 2013) ............................................................... 7, 13

*Summers v. Howard Univ.*,
    374 F.3d 1188 (D.C. Cir. 2004) ......................................................................... 8

*U.S. Commodity Futures Trading Comm'n v. McGraw–Hill Cos.*,
    403 F. Supp. 2d 34 (D.D.C. 2005) ............................................................... 13

*United Mine Workers 1974 Pension v. Pittston Co.*,
    984 F.2d 469 (D.C. Cir. 1993) ...................................................................... 8

*Walsh v. Hagee*,
    10 F. Supp. 3d 15 (D.D.C. 2013) ................................................................ 12

**Statutes**

50 U.S.C. § 1801, *et seq.* ..................................................................................... 2

50 U.S.C. § 1809 ............................................................................................ 5, 15

50 U.S.C. § 1810 ............................................................................................ 5, 15

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................. 18, 19

Fed. R. Civ. P. 15(a) ........................................................................................... 16

Fed. R. Civ. P. 59(e) ................................................................................... passim

Fed. R. Civ. P. 60(b) ................................................................................... passim

LCvR 15.1 ............................................................................................................ 16

LCvR 7(m) ............................................................................................................. 5

**Treatises**

11 Charles Wright & Arthur Miller, Federal Practice & Procedure § 2810.1 (3d ed.) ....... 7, 10, 11

11 Charles Wright & Arthur Miller, Federal Practice & Procedure § 2817 (3d ed.) .................... 9

## I.   INTRODUCTION

Nearly two years ago, in connection with the Crossfire Hurricane counterintelligence investigation, Plaintiff Carter Page ("Plaintiff") sued the government, various current and former FBI employees (the "Individual Defendants"),[1] and a number of unidentified Doe defendants[2] under multiple legal theories related to surveillance conducted under the Foreign Intelligence Surveillance Act ("FISA").   On September 1, 2022, this Court dismissed all of Plaintiff's claims in a detailed Memorandum Opinion.   *See* Mem. Op. (ECF No. 115).

Plaintiff now asks for another bite at the apple, using as his pretense the purported revelation of "new evidence" from the recent trial of Igor Danchenko, the "primary subsource" for the Steele Dossier.   But nothing presented at that trial, which resulted in an acquittal, had any bearing on the reason why the Court dismissed Plaintiff's FISA claims.   Indeed, no evidence surfaced during that trial that was probative of the Individual Defendants "engaging in," "using," or "disclosing the results of," electronic surveillance, the absence of which was the basis for the Court's dismissal of Plaintiff's FISA claims.   Not surprisingly, therefore, Plaintiff does not draw any link between the "facts" he identifies and the Court's legal holding regarding the meaning of the statute.   The Court should therefore deny Plaintiff's request for reconsideration.

This Court has thoroughly plumbed Plaintiff's factual allegations and legal theories. Following two amendments, the operative Second Amended Complaint asserted claims against

---

[1] This joint opposition to Plaintiff's motion is submitted on behalf of each of the Individual Defendants: James Comey, Andrew McCabe, Kevin Clinesmith, Peter Strzok, Lisa Page, Joe Pientka III, Stephen Somma, and Brian J. Auten.

[2] At no time before the Court dismissed his claims did Plaintiff ask for leave to seek discovery that identifies those unknown individuals.

the Individual Defendants under FISA, 50 U.S.C. § 1801, *et seq.*, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  The Court considered the voluminous briefing on each of the Individual Defendants' motions to dismiss and the government's motion to dismiss.  The Court also specifically requested oral argument on the critical question of how it should interpret the phrase "engages in electronic surveillance," as used in the FISA statute.  In a comprehensive and carefully reasoned opinion, the Court held that FISA's text required Plaintiff to adequately allege that the Individual Defendants "engaged in electronic surveillance, or used or disclosed its results" and that Plaintiff failed to do so, and that it was not appropriate to extend *Bivens* to this new context.  *Id.* at 34, 36.

Plaintiff now seeks to set aside the Court's decision, but his motion is baseless.  The root of Plaintiff's motion is that Special Counsel John Durham's prosecution of Danchenko— a key source of Christopher Steele's reporting—revealed that Danchenko was a *paid* confidential human source of the FBI (starting after three of the four FISA warrants were issued) instead of merely a source who met with FBI employees on multiple occasions (as Plaintiff previously alleged).  *See* 2d. Am. Compl. ("SAC") ¶ 120 (ECF No. 73).  But Plaintiff never explains how that alleged fact could change the Court's legal analysis of the meaning of the FISA statute, nor how it makes it plausible that any of the Individual Defendants directly "engaged in" the surveillance.  Nevertheless, Plaintiff tries to leverage that fact—and his bare disagreement with the Court's reasoning—to seek extraordinary relief.  But the law does not support his requests for the Court to set aside its decision, allow Plaintiff to file a *third* amended complaint, or permit Plaintiff to conduct a wide-ranging fishing expedition to find support for his legally insufficient claims.

*First*, the purported new information does not affect the Court's analysis of the FISA claims. Danchenko's role in the Crossfire Hurricane investigation and interactions with any Individual Defendants is irrelevant to Plaintiff's inability to allege that any of the Individual Defendants directly performed the surveillance at issue. *See* Mem. Op. at 34.

*Second*, Plaintiff presents repetitive legal arguments about the interpretation of the FISA statute. The Court has already considered and rejected those arguments, and Plaintiff cites no subsequently issued decision, much less any relevant legal developments. Plaintiff's motion is not a vehicle to regurgitate prior arguments, which fail in any event.

*Third*, Plaintiff cannot satisfy the stringent standard of Rule 59(e), and amending the complaint with the purported new information about Danchenko would be futile because that information is not relevant to the Court's grounds for dismissing the FISA claims.

*Fourth*, Plaintiff's request for wide-ranging discovery ignores the posture of the case and directly contravenes *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The Court should therefore deny the motion.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's lawsuit arises from the FBI's counterintelligence investigation named "Crossfire Hurricane," which was opened on July 31, 2016, to investigate potential coordination between the Trump presidential campaign and the Russian Government. *See* SAC ¶ 5. Because the Court is familiar with Plaintiff's factual allegations and legal theories, the Individual Defendants will not recount them again here.

### A.    The Court's Memorandum Opinion

As noted above, this Court issued a Memorandum Opinion on September 1, 2022, granting all of the Defendants' motions to dismiss and dismissing the Second Amended

Complaint in its entirety.  *See generally* Mem. Op.  In doing so, the Court necessarily accepted as true the allegations in the Second Amended Complaint, s*ee* Mem. Op. at 2 n.1, including its allegation that Danchenko told the FBI that Steele's reporting was unreliable.[3]

The Court's resolution of the FISA claims turned on two key legal issues.[4]  First, the Court concluded that the FISA provisions in question do not provide for aiding and abetting liability.  *See* Mem. Op. at 20-21.  As this Court explained, the Supreme Court has clarified that there is no presumption of aiding and abetting liability when Congress creates a cause of action, *see Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 182 (1994), and courts on the contrary must presume that "statutory silence on the subject of secondary liability means there is none."  *Owens v. BNP Paribas S.A.*, 235 F. Supp. 3d 85, 93 (D.D.C. 2017)) (quoting *Boim v. Holy Land Found. for Relief & Dev.*, 549 F.3d 685, 689 (7th Cir. 2008)).  The Court correctly noted that (1) neither § 1809(a) nor § 1810 references secondary liability, and (2) the criminal aiding and abetting statute is inapposite in this civil case.  *See* Mem. Op. at 20.  The Court thus concluded that "to state a claim under § 1810, Page must allege that the individual defendants *personally* engaged in unauthorized surveillance, not simply that they *aided* those who did."  *Id.* at 21 (emphasis in original).

Second, the Court conducted a thorough textual analysis of the meaning of the phrase "engages in electronic surveillance."  *Id.* at 21-28.  The Court analyzed definitions of key terms

---

[3] The Individual Defendants assume the truth of Plaintiff's factual allegations as the applicable legal standard requires, but do not in any way concede the truth of those allegations for any other purpose.  Rather, many of Plaintiff's allegations are false.

[4] The Court rejected the Individual Defendants' arguments that the FISA claims were barred by the applicable statute of limitations, *see* Mem. Op. at 13-18, and did not reach their arguments based on qualified immunity or FISA's statutory defense found in 50 U.S.C. § 1809(b), *id.* at 34-35.

in the statute, the common understanding of the term "electronic surveillance," the structure of the broader FISA statute, and comparisons to the analogous Wiretap Act. *Id.* at 21-26. Based on these factors, the Court held that "one who 'engage[s] in electronic surveillance' under §§ 1809(a) and 1810 is one who participates in *collecting* the target's communications using certain devices." *Id.* at 26 (emphasis in original). The Court found that Plaintiff did not "allege that any of the individual defendants personally conducted the surveillance or acquired or collected his communications," *id.* at 28-29, noting that Plaintiff had *conceded* as much, *id.* at 32 n.18 ("In his opposition brief and at the hearing, Page concedes that he 'has not named as a defendant any FBI who personally engaged in the physical execution of the unlawful warrants as these persons are as yet unknown and unknowable to him.'") (citations omitted).[5] The Court therefore dismissed all of the FISA claims. *Id.* at 34.

### B.    Plaintiff's Motion to Alter or Amend the Court's Judgment

Plaintiff has now moved to alter or amend the judgment under Rule 59(e) and for relief from the final order under Rule 60(b).[6] *See generally* Pl.'s Mot. to Alter and Amend Judgment Pursuant to Civ. R. 59(e) and for Relief from Judgment Under Civ. R. 60(b) ("Pl.'s Mot.") (ECF No. 119); Pl.'s Mem. of Law in Support of Motion ("Pl.'s Mem.") (ECF No. 119-1). Though difficult to follow at times, Plaintiff's central argument is apparently that he is entitled

---

[5] The Court also dismissed Plaintiff's *Bivens* claim against the Individual Defendants because Plaintiff's claim presented a "new context" and multiple special factors counseled against extending *Bivens*. *See* Mem. Op. at 36. Plaintiff's current motion makes no reference to the *Bivens* claim, and, similar to the FISA claims, the information related to Danchenko would have no impact on the Court's analysis of the *Bivens* issues. Thus, the Individual Defendants understand that Plaintiff's effort to amend the Court's judgment does not seek to disturb the Court's dismissal of his *Bivens* claim.

[6] Contrary to Plaintiff's representation, *see* Pl.'s Mot. at 2, Counsel for Plaintiff did not, in fact, contact counsel for any of the Individual Defendants as Local Civil Rule 7(m) requires. *See* LCvR 7(m).

to relief because it has been revealed that "Danchenko was actually on the [FBI] payroll as a confidential human source from March 2017 through October 2020." *Id.* at 2.  To be clear, Plaintiff had already alleged that Danchenko met with the FBI on numerous occasions and had told the FBI that the Steele Dossier was unreliable.  *Id.* at 3-5; SAC ¶ 120.  That fact was presumed to be true by the Court when it dismissed Plaintiff's FISA claims.  The only new information Plaintiff identifies is that Danchenko was a *paid*, rather than unpaid, source who told the FBI that information.

Plaintiff's attempt to use this "new fact" to seek extraordinary relief is based on four arguments, none of which bears any logical relation to that new "fact."  First, Plaintiff argues that he should be permitted to amend the Second Amended Complaint in light of indeterminate and unsupported claims that the Defendants engaged in "deceit . . . in the form of their false and misleading pleadings (and associated cover-up)."  Pl.'s Mem. at 16-17 (Part III.A). Second, he argues that new evidence of Danchenko's status as a paid confidential human source entitles him to relief under Rules 59 and 60.  *Id.* at 17-20 (Part III.B).  Third, Plaintiff raises previously available and unavailing arguments that the legislative history of FISA contradicts the Court's interpretation of the statute.  *Id.* at 20-23 (Part III.C).  Fourth, Plaintiff argues that he should be permitted to take discovery on a broad range of issues.  *Id.* at 20-23 (Part III.D).  For the reasons set forth below, none of these arguments has any merit.

## III.    LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 59(e)

"Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly," *Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 17 (D.C. Cir. 2015) (quoting 11 Charles Wright & Arthur Miller, Federal Practice & Procedure § 2810.1 (3d ed.

2012)), and the moving party bears the burden of establishing "extraordinary circumstances" warranting relief from judgment, *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).

A rule 59(e) motion "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). "New evidence" is evidence that "was not previously available," *Messina*, 439 F.3d at 759, *and* that is sufficient to "change the outcome of the case." *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 247 F. Supp. 3d 76, 112 (D.D.C. 2017).

Absent a demonstrated intervening change of controlling law or new evidence, litigants cannot invoke Rule 59(e) "either to repeat unsuccessful arguments or to assert new but previously available arguments." *Slate v. Am. Broad. Companies, Inc.*, 12 F. Supp. 3d 30, 34 (D.D.C. 2013). And "clear error" within the meaning of Rule 59(e) is "a very exacting standard," *Bond v. U.S. Dep't of Justice*, 286 F.R.D. 16, 22 (D.D.C. 2012) (quoting *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 422 (D.D.C. 2005)), such that the "final judgment must be 'dead wrong.'" *Lardner v. FBI*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). Similarly, "manifest injustice" means "more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Slate*, 12 F. Supp. 3d at 35-36.

**B.      Federal Rule of Civil Procedure 60(b)**

Rule 60(b) provides a separate "mechanism for relief from a judgment or order by permitting the court to relieve a party or its legal representative from a final judgment, order, or proceeding[.]"  *Oladokun v. Corr. Treatment Facility*, 309 F.R.D. 94, 97 (D.D.C. 2015). The relevant enumerated grounds for relief set forth in the Rule include:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time [for the filing of a Rule 59 motion]; (3) fraud . . . misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1)-(6).  Despite the broad language of the Rule, a heavy burden falls to the party moving under Rule 60(b) to show that she/he is entitled to relief. *Oladokun*, 309 F.R.D. at 97.  The decision to grant or deny a Rule 60(b) motion is "committed to the discretion of the District Court," *United Mine Workers 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993), which "balance[s] the interest in justice with the interest in protecting the finality of judgments," *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004).

The Court may properly deny a Rule 60(b) motion for reconsideration of a final judgment where the movant fails to "at least establish that it possesses a potentially meritorious claim or defense which, if proven, would bring success in its wake."  *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) (internal quotation marks and citation omitted). That is, "[t]o obtain Rule 60(b) relief, the movant must give the [Court] reason to believe that

8

vacating the judgment will not be an empty exercise or a futile gesture." *Norman v. United States*, 467 F.3d 773, 775 (D.C. Cir. 2006) (internal quotation marks and citation omitted).[7]

## IV.    ARGUMENT

The purported "new" evidence cited by Plaintiff is entirely irrelevant to the Court's previous analysis of the dismissed claims. The Court should also disregard Plaintiff's legal arguments regarding the proper interpretation of the FISA provisions at issue because they were previously available, and even if considered, they fail to justify altering the Court's comprehensive and well-reasoned decision to dismiss all claims against the Individual Defendants. Finally, Plaintiff's requests to amend the Complaint and to conduct discovery are not supported in law and should also be denied.

### A.    The Purported New Information Is Irrelevant to the Court's Dismissal of the FISA Claims and Would Not Change the Outcome

Plaintiff argues that newly discovered information, namely the fact that "Danchenko became a paid FBI informant in March 2017," *see* Pl.'s Mem. at 17-20 (Part III.B), entitles him to relief under Rule 59(e) and Rule 60(b). Although Plaintiff pushes the absurd and baseless claim that this fact somehow suggests that "the individual FBI defendants deliberately put one of the fabricators of the Steele Dossier *on FBI payroll in order to keep him quiet* and further cover up the individual FBI Defendants' misdeeds," *id.* at 17 (emphasis in original), (an allegation without any evidentiary or inferential basis), Plaintiff does nothing, even if this

---

[7] Due to the "considerable overlap between Rule 59(e) and Rule 60(b)," 11 Charles Wright & Arthur Miller, Federal Practice & Procedure § 2817 (3d ed.), "[a] motion to reconsider a final order is generally treated as a Rule 59(e) motion if it is filed within the filing time limit set forth in that rule . . . and as a Rule 60(b) motion if it is filed thereafter," *Roane v. Gonzales*, 832 F. Supp. 2d 61, 64 (D.D.C. 2011); *see also Sagarwala v. Cuccinelli*, No. 18-cv-2860, 2020 WL 2079444, at *3 (D.D.C. Apr. 30, 2020) (describing the general approach of courts in this District). Plaintiff's motion was filed within the 28-day window, and his motion should therefore be treated as a Rule 59(e) motion.

fantastical story were true, to connect the new information to his now-dismissed claims against the Individual Defendants.  This failure is fatal to his motion.

Under either Rule 59(e) or Rule 60(b), the moving party must show that the new information could actually change the outcome.  *See Nat'l Ctr. for Mfg. Scis. v. Dep't of Def.*, 199 F.3d 507, 511 (D.C. Cir. 2000) ("[A] district court should not grant a motion for reconsideration unless the moving party shows new facts or clear errors of law *which compel the court to change its prior position*." (emphasis added));  *see also* 11 Charles Wright & Arthur Miller, Federal Practice & Procedure § 2810.1 (3d ed.).  Thus, Courts in this District refuse to grant motions for reconsideration under Rule 59(e) based only on purported new evidence that would not impact the claims at issue.  *See, e.g.*, *Seth v. District of Columbia*, No. 18-cv-1034, 2019 WL 2058670, at *6 (D.D.C. May 8, 2019), *aff'd*, 813 F. App'x 611 (D.C. Cir. 2020); *Shafiiq v. Obama*, 951 F. Supp. 2d 13, 117 (D.D.C. 2013).

Similarly, "[t]o obtain Rule 60(b) relief, the movant must give the [Court] reason to believe that vacating the judgment will not be an empty exercise or a futile gesture."  *Norman v. United States*, 467 F.3d 773, 775 (D.C. Cir. 2006) (internal quotation marks and citation omitted).  The Court may properly deny a Rule 60(b) motion for reconsideration of a final judgment where the movant fails to "at least establish that it possesses a potentially meritorious claim or defense which, if proven, would bring success in its wake." *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) (internal quotation marks and citation omitted).

In this case, the Court's dismissal of the FISA claims turned on the proper interpretation of the phrase "engages in electronic surveillance" to apply only to those "actors involved in *conducting* the surveillance, rather than those *responsible for gaining approval* to do so." Mem. Op. at 27 (emphases added).  Based on that interpretation, the Court determined that

Plaintiff had not properly alleged that any of the Individual Defendants engaged in electronic surveillance or used or disclosed its results. *Id.* at 34. The information that Danchenko was a paid rather than an unpaid source for the FBI is utterly irrelevant to that conclusion, and it provides no basis to alter the Court's ruling. Because the new information could not "compel the Court to change its prior position," *Nat'l Ctr. for Mfg. Scis.*, 199 F.3d at 511, Plaintiff's request for relief under both Rule 59(e) and Rule 60(b) should be denied.

**B.      The Court Should Reject Plaintiff's Repetitive Legal Arguments Regarding the Interpretation of the FISA Statute**

Plaintiff's motion also seeks to relitigate the Court's careful analysis of the text, structure, and context of the FISA provisions at issue. *See* Pl.'s Mem. at 20-23 (Part II.C). In short, Plaintiff argues that the legislative history of FISA suggests that the provisions at issue should be interpreted to draw in supervisory employees. *Id.* at 20. And Plaintiff tries once again to shoehorn secondary liability into the relevant FISA provisions by arguing that it is "well-established" that a person who is a "'substantial factor in bringing about the harm' is treated legally as a participant." *Id.* at 22 (quoting *Goolsby v. District of Columbia*, 354 F. Supp. 3d 69, 76 (D.D.C. 2019)). These arguments are procedurally barred, and, even if the Court considers them, are not persuasive.

*1.      Plaintiff's Repetitive Legal Arguments Regarding the FISA Claims Are Procedurally Barred*

Crucially, Rule 59(e) does not permit a dissatisfied party "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Wright & Arthur Miller, Federal Practice & Procedure § 2810.1 (2d ed. 1995)). The rationale for this rule is that "Rule 59(e) motions are aimed at reconsideration, not initial consideration."

*GSS Grp. Ltd. v. Nat'l Port Auth.*, 680 F.3d 805, 812 (D.C. Cir. 2012) (quoting *District of Columbia v. Doe*, 611 F.3d 888, 896 (D.C. Cir. 2010)).  "It is well settled that an issue presented for the first time in a motion pursuant to Federal Rule of Civil Procedure 59(e) generally is not timely raised." *Doe*, 611 F.3d at 896 (quoting *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999)).  Courts in this District have similarly held that Rule 60(b) "is not 'a vehicle for presenting theories or arguments that could have been raised previously.'"  *Walsh v. Hagee*, 10 F. Supp. 3d 15, 19 (D.D.C. 2013) (quoting *Fund For Animals v. Williams*, 311 F. Supp. 2d 1, 5 (D.D.C. 2004)).

Here, Plaintiff merely makes variations on legal arguments he previously presented in response to the Individual Defendants' motions to dismiss.  Those arguments failed the first time.  In fact, his citations to portions of FISA's legislative history are from the very same legislative record cited in his opposition to the Individual Defendants' motions to dismiss.  *See* Pl.'s Omnibus Opp'n to Individual Defs.' Mots. to Dismiss at 16, 53 (ECF No. 98).  There, Plaintiff also extensively argued that the Individual Defendants should be liable based on a secondary liability theory rooted in the criminal aiding and abetting statute.  *Id.* at 16-19.  Thus, these arguments were previously presented by the Plaintiff, considered by the Court, and rejected.

Moreover, to the extent any aspects of Plaintiff's arguments raised in the present motion were not covered in his previous opposition brief, the arguments were undoubtedly available to the Plaintiff before because FISA's legislative history and the Church Committee materials now cited by Plaintiff date to the 1970s.  Critically, Plaintiff cites no authority that post-dates the issuance of the Court's Memorandum Opinion.

A motion under Rule 59(e) or Rule 60(b) is not an opportunity for a party to refine or reformulate his arguments.  *See New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) ("Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled.").  There is good reason for this rule:  "The strictness with which such motions are viewed is justified by the need to protect both the integrity of the adversarial process in which parties are expected to bring all arguments before the court, and the ability of the parties and others to rely on the finality of judgments."  *U.S. Commodity Futures Trading Comm'n v. McGraw–Hill Cos.*, 403 F. Supp. 2d 34, 36 (D.D.C. 2005).  For these reasons, the Court should disregard Plaintiff's repetitive and previously available arguments regarding the proper interpretation of the relevant FISA provisions.

> 2.    *Plaintiff's Repetitive Legal Arguments Regarding the FISA Claims Are Not Persuasive*

Even if the Court were to consider Plaintiff's regurgitated legal arguments regarding the interpretation of FISA, those arguments are not persuasive and cannot meet the high bar required by Rule 59(e) and Rule 60(b).

As set forth above, in the Rule 59(e) context, "clear error" is "a very exacting standard," *Bond v. U.S. Dep't of Justice*, 286 F.R.D. 16, 22 (D.D.C. 2012) (quoting *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 422 (D.D.C. 2005)), equivalent to a requirement that the judgment be "dead wrong," *Lardner v. FBI*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).  And "[m]anifest injustice" requires a demonstration not only of "clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Slate v. Am. Broad. Cos., Inc.*, 12 F. Supp. 3d 30, 35–36 (D.D.C. 2013).  In the related context of Rule

60, the Supreme Court has instructed that courts should grant relief under Rule 60(b)(6) only in "extraordinary circumstances."[8] *Ackermann v. United States*, 340 U.S. 193, 199 (1950).

Plaintiff's arguments regarding the proper interpretation of FISA fail that standard. Plaintiff relies extensively on FISA's legislative history to argue that "[i]t cannot be that Congress intended to expose only the low-level underlings who push buttons and connect wires while letting those who order them to do so and set the unlawful surveillance in motion escape responsibility." Pl.'s Mem. at 21-22. But, as the Court's decision makes clear, the best guide to Congress's intent is the language of the statute. The Court's Memorandum Opinion appropriately began with that text. Mem. Op. at 21 (citing *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). The Court carefully considered not only the text of the key language, but also the structure of relevant provisions, related portions of the FISA statute, and the broader context of the legislation to reach the conclusion that "engaging" in electronic surveillance for purposes of FISA means "one who participates in *collecting* the target's communications using certain devices." *Id.* at 26 (emphasis in original). The Court directly addressed Plaintiff's contention that this would "lead to an unreasonable result." Pl.'s Mem. at 21. As the Court explained, the result fits with the context of the legislation, which was enacted in 1978 to address the issue of warrantless surveillance in the national security context, not alleged failings in the process of acquiring a warrant. Mem. Op. at 27. Instead of undermining the Court's textual interpretation, the "ordinary meaning is bolstered by FISA's history." *Id.* at

---

[8] Plaintiff does not specify which subpart of Rule 60(b) governs his purely legal argument objecting to the Court's interpretation of the FISA claims. *See* Pl.'s Mem. at 20. Because this argument does not turn on new evidence, the Individual Defendants analyze it under the catch-all provision of Rule 60(b)(6), which covers "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

28.  Plaintiff's legislative history arguments completely miss the mark, and they are certainly not sufficient to pass the high bar set forth in Rule 59(e) and Rule 60(b).

Finally, Plaintiff asserts with minimal support that Congress must have intended civil liability under FISA to attach to supervisors.  *See* Pl.'s Mem. at 22.  But this Court emphatically rejected Plaintiff's theory of aiding and abetting liability with good reason.  Mem. Op. at 20-21.  As the Court noted, the Supreme Court has held that Congress does not incorporate aiding and abetting liability when it creates a cause of action unless it does so explicitly, *see Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 182 (1994), and courts must presume that "statutory silence on the subject of secondary liability means there is none." *Owens v. BNP Paribas S.A.*, 235 F. Supp. 3d 85, 93 (D.D.C. 2017)) (quoting *Boim v. Holy Land Found. for Relief & Dev.*, 549 F.3d 685, 689 (7th Cir. 2008)).  This is why the Court held that neither § 1809(a) nor § 1810 reference secondary liability, and the criminal aiding and abetting statute is inapposite in this civil case.  *See* Mem. Op. at 20.

Thus, even if the Court considers these repetitive and previously available arguments, it should nevertheless reject those arguments as unpersuasive and insufficient to alter the judgment under either Rule 59(e) or Rule 60(b).

## C.    Plaintiff Should Not Be Permitted to Further Amend His Complaint

Plaintiff suggests that he should be permitted to avoid the effect of the Court's Memorandum Opinion by once again amending his complaint for the third time after this case has been pending for nearly two years.  *See* Pl.'s Mem. at 16-17 (Part III.A).  His argument is baseless.

For one thing, Local Rule of Civil Procedure 15.1 provides that "[a] motion for leave to file an amended pleading shall attach, as an exhibit, a copy of the proposed pleading as

amended." LCvR 15.1; *see also Rollins v. Wackenhut Services, Inc.*, 703 F.3d 122, 130 (D.C. Cir. 2012) ("District Court Local Civil Rule 15.1 requires a motion for leave to amend to include a proposed amended complaint."). The failure to attach a proposed amendment to the motion makes it difficult for a court to analyze the merits of the motion, which is itself a sufficient reason to deny the motion. *See Lucas v. District of Columbia*, 214 F. Supp. 3d 1, 7 (D.D.C. 2016) (denying motion without prejudice due to failure to attach proposed amendment); *Johnson v. District of Columbia*, 49 F. Supp. 3d 115, 122 (D.D.C. 2014) (same). The Court should not permit further amendment of the Second Amended Complaint in any event because (1) Plaintiff has not met the Rule 59(e) standard and (2) any amendment would be futile.

### 1.   *Plaintiff Has Not Met the Rule 59(e) Standard Necessary for Amendment of a Complaint*

Despite Rule 15(a)'s liberal standard for amendment, "after entry of judgment, a court has no obligation to grant leave to amend unless a plaintiff first satisfies 'Rule 59(e)'s more stringent standard for setting aside that judgment;'" otherwise, the Court should deny the motion for leave to amend as moot. *Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 17 (D.C. Cir. 2015) (alteration in original) (quoting *Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004)). Here, Plaintiff's failure to meet the stringent Rule 59(e) standard, *see* Parts IV.A-B, *supra*, is sufficient reason to deny his motion for leave to amend under Rule 15(a).

### 2.   *Even if Reconsideration Were Appropriate, Plaintiff's Amendment Would Be Futile*

Under Rule 15, a motion to amend may be denied "on grounds of futility where the proposed pleading would not survive a motion to dismiss." *In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 215 (D.C. Cir. 2010). Plaintiff's own (sole) authority reflects that

rule.  *See* Pl.'s Mem. at 17 (citing *Jacksonville Urb. League, Inc. v. Azar*, No. 18-cv-2275 (DLF), 2019 WL 3208686 (D.D.C. July 16, 2019)).  In *Jacksonville Urban League*, this Court denied leave to amend because the resulting amended complaint "could not withstand a motion to dismiss."  2019 WL 3208686, at *4 ("Even if the plaintiff's amended complaint, which seeks to name new defendants, had cured the venue and jurisdictional defects from the original complaint, the *Bivens* claims would still fail because the statute of limitations has expired on those claims.").

For the reasons discussed above, the new fact alleged by Plaintiff cannot cure the deficiencies of his FISA claims, and leave to amend would therefore be futile.  Even if certain of the Individual Defendants interacted with Danchenko, that would not suggest that they had taken the entirely unrelated step of directly collecting electronic surveillance.  Danchenko's role and any of the Individual Defendants' interactions with him are simply irrelevant to the question of whether the Individual Defendants "engaged in electronic surveillance, or used or disclosed its results."  Mem. Op. at 34.  Thus, the Court should deny Plaintiff's request to amend.

### D.    Plaintiff Is Not Entitled to Discovery

Finally, Plaintiff seeks wide-ranging discovery in support of his allegations and other unfounded theories.  *See* Pl.'s Mem. at 23 (Part III.D).  This request is baseless.  For example, Plaintiff now idly speculates, without support: "Perhaps James Comey actually *did* personally connect wires and pushed the buttons."  *Id.* at 17 (emphasis in original).  As this and other speculation put forward in his motion suggests, Plaintiff is asking for permission to go on a fishing expedition untethered from the Second Amended Complaint.  *Id.* at 25 (proposing multiple broad categories of information subject to discovery "without limitation").  The

unsupported suggestion that the Director of the FBI was "connect[ing] wires and push[ing] buttons" speaks for itself.

A plaintiff may not proffer unsupported theories and then conduct discovery to backfill a valid claim for relief. This is why motions under Rule 12(b)(6) are designed to test whether a legal claim set forth in a complaint can be sustained by the factual allegations, assuming their truth, and thus warranting discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, Plaintiff's allegations, taken as true, were insufficient.[9] As a result, discovery cannot proceed.

Plaintiff provides no support for his theory that he should be able to take discovery now, after the Court has dismissed all of his claims as legally deficient. The sole case cited by Plaintiff, *Malibu Media, LLC v. Doe*, 64 F. Supp. 3d 47 (D.D.C. 2014), is inapposite. *Malibu Media* involved a tortious copyright infringement claim against an unknown John Doe, who the plaintiff identified through the defendant's internet service provider. *Id.* at 48. The early discovery permitted in that case was limited in scope to uncover the identity of the defendant for proper service, and the defendant's conduct was otherwise alleged in detail. *Id.* The facts here are not remotely analogous, where Plaintiff merely speculates as to the role of other unknown government agents.

Plaintiff's reference to jurisdictional discovery is similarly misguided. *See* Pl.'s Mem. at 23. Jurisdictional discovery takes place early in the litigation to determine whether a court has jurisdiction over a person or the subject matter of the dispute. Jurisdictional discovery is

---

[9] The *Iqbal* court noted that careful policing of the sufficiency of a complaint "is especially important in suits where Government-official defendants are entitled to assert the defense of qualified immunity." *Iqbal*, 556 U.S. 685. This Court did not need to address the Individual Defendants' qualified immunity arguments to dismiss the claims against them, *see* Mem. Op. 34-35, but the qualified immunity defense would need to be resolved before discovery could be sought from the Individual Defendants.

permitted only "when the existing record is 'inadequate' to support personal jurisdiction and a party demonstrates that it can supplement its jurisdictional allegations through discovery." *Estate of Manook v. Research Triangle Inst., Int'l & Unity Res. Grp., L.L.C.*, 693 F. Supp. 2d 4, 15 (D.D.C. 2010).   Here, there is no question of the Court's jurisdiction, and Plaintiff's proposed discovery is plainly aimed at the merits of the case.   Moreover, the law is clear that a party seeking jurisdictional discovery "'must ask for it' at an appropriate stage in the course of litigation." *City of Moundridge v. Exxon Mobil Corp.*, 244 F.R.D. 10, 14 (D.D.C. 2007) (quoting *Second Amendment Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 525 (D.C. Cir. 2001)).   Plaintiff failed to do so here.   *See also Barrett v. Lombardi*, 239 F.3d 23, 29 (1st Cir. 2001) (finding request for discovery after "the entry of an adverse judgment" to be "plainly too late").

In short, Plaintiff's request for discovery is not proper, and he has presented no relevant authority to support his position.   At this stage of the litigation, a motion to dismiss under Rule 12(b)(6) tests whether the facts alleged can support a claim upon which relief can be granted. Plaintiff has not done so, and "[b]ecause [Plaintiff's] complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise." *Iqbal*, 556 U.S. at 686.

## V.       CONCLUSION

For these reasons, the Court should deny Plaintiff's Motion to Alter or Amend the Judgment Pursuant to Civil Rule 59(e) and for Relief from Judgment Under Civil Rule 60(b), and confirm its well-reasoned decision to dismiss all claims against the Individual Defendants.

Dated:    October 27, 2022

Respectfully submitted,

/s/ Patrick F. Linehan
Patrick F. Linehan (#472183)
Brian M. Heberlig (#455381)
James M. Hobbs (#1031106)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Fax: (202) 429-3902
plinehan@steptoe.com
bheberlig@steptoe.com
jhobbs@steptoe.com

*Counsel for Defendant Brian J. Auten*

/s/ William Pittard
William Pittard (#482949)
Christopher C. Muha (#987116)
Sarah Fink (#166663)
KAISERDILLON PLLC
1099 14th Street, NW, 8th Floor West
Washington, DC 20005
Telephone:  (202) 640-2850
Fax:  (202) 280-1034
wpittard@kaiserdillon.com
cmuha@kaiserdillon.com
sfink@kaiserdillon.com

*Counsel for Defendant Kevin E.
Clinesmith*

/s/ Amisha R. Patel
Amisha R. Patel (#1005420)
DECHERT LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 261-3374
Fax: (202) 261-3333
amisha.patel@dechert.com

David N. Kelley (*pro hac vice*)
Three Bryant Park
1095 Avenue of the Americas
New York, NY 100036
Telephone:  (212) 698-3580
Fax:  (212) 698-3599
david.kelley@dechert.com

Stormie Mauck (*pro hac vice*)
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-2516
Fax: (215) 994-2222
stormie.mauck@dechert.com

*Counsel for Defendant James B. Comey*

/s/ Brigida Benitez
Brigida Benitez (#446144)
Lisa M. Southerland (#198412)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone:  (202) 429-3000
Fax:  (202) 429-3902
bbenitez@steptoe.com
lsoutherland@steptoe.com

*Counsel for Defendant Andrew McCabe*


/s/ James M. Koukios
James M. Koukios (#477072)
Vanshika Vij (#1029822)
Robin Smith (#1685989)
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone:  (202) 887-1500
Fax:  (202) 887-0763
JKoukios@mofo.com
VVij@mofo.com
RSmith@mofo.com

*Counsel for Defendant Joe Pientka III*


/s/ Aitan Goelman
Aitan Goelman (#446636)
Ivano Ventresca (#1045769)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
Telephone:  (202) 778-1800
Fax:  (202) 822-8106
agoelman@zuckerman.com
iventresca@zuckerman.com

*Counsel for Defendant Peter Strzok*

/s/ Amy Jeffress
Amy Jeffress (#449258)
Robert J. Katerberg (#466325)
Kaitlin Konkel (#1021109)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone:  (202) 942-5000
Fax:  (202) 942-5999
amy.jeffress@arnoldporter.com
robert.katerberg@arnoldporter.com
kaitlin.konkel@arnoldporter.com

*Counsel for Defendant Lisa Page*


/s/ Meaghan VerGow
Meaghan VerGow (#977165)
Andrew R. Hellman (#1723887)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone:  (202) 383-5300
Fax:  (202) 383-5414
mvergow@omm.com
andrewhellman@omm.com

*Counsel for Defendant Stephen Somma*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October, 2022, the foregoing Individual Defendants' Joint Opposition to Plaintiff's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) and for Relief from Judgment Under Rule 60(b) was served upon all parties of record by the Court's CM/ECF system.


Dated: October  27, 2022                          */s/ Patrick F. Linehan*
                                                  Patrick F. Linehan